UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00139-LLK

KASSIE L.                                                                                                                          PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and the Commissioner are at Doc. 11 and 15. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 9].

Plaintiff argues that "the ALJ's [Administrative Law Judge's] weighing of the treating neurologist findings and opinion does not comport with the applicable law or substantial evidence." [Doc. 11 at PageID.1885]. Because the argument is unpersuasive and the ALJ's decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### Background facts and procedural history

In December 2018, the ALJ issued the Commissioner's prior final decision. [Administrative Record, Doc. 8 at 15-29].

In September 2020, this Court remanded the matter to the Commissioner for a new decision. *Lane v. Comm'r of Soc. Sec.*, No. 5:19-CV-00194-LLK, 2020 WL 5824035 (W.D. Ky. Sept. 30, 2020).

In May 2021, the ALJ issued a new decision [Doc. 8 at 1309-18], which is the Commissioner's final decision, subject to the present review.

### Plaintiff's argument is unpersuasive.

1

Plaintiff argues that "the ALJ's weighing of the treating neurologist findings and opinion does not comport with the applicable law or substantial evidence." [Doc. 11 at PageID.1885].

In November 2017, Plaintiff's treating neurologist, William Hogancamp, M.D., completed the Attending Physician Restrictions form. [Doc. 8 at 1166]. Among other things, Dr. Hogancamp found that Plaintiff's multiple sclerosis (MS) limits her to sitting, standing, and walking no more than 4 hours total in an 8-hour workday. *Id.* In an 8-hour workday, she would frequently need to rest, recline, or lie down to alleviate pain, fatigue, or other symptoms. *Id.* She can only rarely use her hands for repetitive actions such as reaching, handling, and fingering. *Id.* Her MS symptoms and treatment would likely result in routine absences from work 4 or more days a month. *Id.*

As this Court previously observed, "[a]ny one or all of these findings, if accepted, would preclude performance of any full-time work and render Plaintiff disabled." 2020 WL 5824035, at *1.

In April 2021, Dr. Hogancamp gave essentially the same assessment he gave in November 2017. [Doc. 8 at 1741].

This Court's prior decision, which remanded this case to the Commissioner for a new decision, was based on 20 C.F.R. § 404.1527(c)(2), which provides, in pertinent part, that:

> … When we do not give the treating source's medical opinion [e.g., Dr. Hogancamp's opinion] controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.

20 C.F.R. § 404.1527(c)(2).

The ALJ's prior decision did not give Dr. Hogancamp's opinion controlling weight and "did not mention or analyze the factors set forth at 20 C.F.R. § 404.1527(c)(2)-(6)." 2020 WL 5824035, at *2. This Court concluded that the ALJ's decision did not comport with applicable legal standards and did not give "good reasons," 20 C.F.R. § 404.1527(c)(2), for the weight given to Dr. Hogancamp's opinion. *Id.*

Plaintiff's present argument is unpersuasive because, unlike the ALJ's prior decision, the ALJ's present decision evaluated Dr. Hogancamp's opinion in light of the factors set forth at 20 C.F.R. § 404.1527(c)(2)-(6). [Doc. 8 at 1316]. Specifically, factor (c)(2)(i) is "length of the treatment relationship and the frequency of examination," factor (c)(2)(ii) is "nature and extent of the treatment relationship," and factor (5) is "specialization." 20 C.F.R. § 404.1527(c). In this regard, the ALJ found that:

> While Dr. Hogancamp specializes in neurology and first encountered the claimant a number of years ago, he has clearly not seen the claimant at a frequency one would expect to see based on the extreme level of restriction he has suggested. As indicated above, Dr. Hogancamp does not appear to have even seen the claimant at all from January of 2019 to January of 2020.

[Doc. 8 at 1316]. Factors (3) and (4) are supportability and consistency. 20 C.F.R. § 404.1527(c). In this regard, the ALJ found that:

> Moreover, the claimant has not consistently taken the medication prescribed by Dr. Hogancamp. Dr. Hogancamp's assessments are likewise at odds with the overall clinical examination findings he has recorded as well as the magnetic resonance imaging, which has indicated the claimant's multiple sclerosis to be rather stable. The claimant's activity level, which has included helping a person with ALS [amyotrophic lateral sclerosis], is also at odds with Dr. Hogancamp's assessments. There is no opinion from another treating physician to corroborate Dr. Hogancamp either.

[Doc. 8 at 1316].

The ALJ explained that:

> In the prior decision, the undersigned accorded partial weight to [Dr. Hogancamp's assessments] … and, in so doing, principally focused on how it was not fully supported by the objective medical evidence. The District Court took issue with this and provided that other factors set forth at 20 CFR 404.1527(c)(2)-(6) should have been considered. The undersigned has now considered all of the relevant factors and concludes that little weight … can be attributed to Dr. Hogancamp's assessments.

[Doc. 8 at 1315-16]. This Court is satisfied that the ALJ corrected the errors that formed the basis of the prior remand and that the ALJ's present decision is supported by substantial evidence.

Plaintiff argues that, in weighing the factors at 20 C.F.R. § 404.1527(c)(2)-(6), the ALJ engaged in "cherry picking information in the record." [Doc. 11 at PageID.1892]. Such arguments are "seldom successful because crediting it would require a court to re-weigh record evidence," which is prohibited on

3

judicial review. *DeLong v. Comm'r*, 748 F.3d 723, 726 (6th Cir. 2014). "[T]he same process can be described more neutrally as weighing the evidence." *White v. Comm'r*, 572 F.3d 272, 284 (6th Cir. 2009). A reviewing court "does not weigh evidence, assess credibility, or resolve conflicts in testimony -- that's the ALJ's job." *Dyson v. Comm'r*, 786 F. App'x 586, 588 (6th Cir. 2019) (citing *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)).

**Dr. Hogancamp's opinion is not entitled to controlling weight.**

In its entirety, 20 C.F.R. § 404.1527(c)(2) provides (sentences numbered in brackets):

(2) Treatment relationship. [1] Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. [2] If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. [3] When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. [4] We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.

20 C.F.R. § 404.1527(c)(2) (sentences numbered in brackets).

As indicated above, the prior remand was based on Section 404.1527(c)(2), Sentence 3. The Court did not, however, reach the harder issue of whether Sentence 2 supported a judicial determination that Dr. Hogancamp's opinion is entitled to controlling weight. This Opinion will presently consider that issue.

Read literally and in context, Sentence 2 does not appear to support, under any circumstances, a judicial determination that a treating physician's medical opinion is entitled to controlling weight. This is because Sentence 3 provides that "[w]hen **we** do not give the treating source's medical opinion controlling weight, **we** apply … [certain] factors." "We" refers to the Commissioner or the ALJ, and the Court has no control over "[w]hen **we** do not give the treating source's medical opinion controlling weight." Sentence 3 (emphasis added). Nevertheless, in interpreting a prior version of 20 C.F.R. § 404.1527(c)(2) (then at 20

4

C.F.R. § 404.1527(d)(2)), the Sixth Circuit determined that Dr. Rayes-Prince's medical opinion was entitled to controlling weight. *Johnson v. Comm'r*, 652 F.3d 646, 652 (6th Cir. 2011). Therefore, at the time of the prior remand, it was unclear when, if ever, under Section 404.1527(c)(2), the Court was authorized to determine that a treating physician's medical opinion is entitled to controlling weight.

In September 2020, the same month this Court issued its remand order, the Sixth Circuit issued *Fox v. Comm'r*, 827 F. App'x 531, 533 (6th Cir. 2020), which provides some guidance (on the question not reached by this Court in its prior decision). In *Fox*, the undersigned Magistrate Judge recommended that the Court find that the opinion of Fox's treating orthopedic spine surgeon, Dr. Strenge, was entitled to controlling weight. 2019 WL 8219771. The District Court rejected the recommendation and found that the ALJ properly declined to give Dr. Strenge's opinion controlling weight. 2020 WL 1220999. The Sixth Circuit affirmed.

In *Fox*, Dr. Strenge opined that Fox's "degenerative disc disease [DDD] at multiple levels with facet arthropathy resulting in spinal stenosis" limits Fox to 6 hours of sitting and 2 hours of standing/walking (total, during an 8-hour workday). In the present case, Dr. Hogancamp opined, among other things, that Plaintiff's MS limits her to 4 hours of sitting/standing/walking (total). [Doc. 8 at 1166]. Because Dr. Hogancamp's opinion was not better supported than Dr. Strenge's opinion, Dr. Hogancamp's opinion is not entitled to controlling weight.

## Order

Because Plaintiff's argument is unpersuasive and the ALJ's decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

June 30, 2022

Lanny King, Magistrate Judge
United States District Court